**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **NUALA SINISI,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | **Civil Action No. 5:20-cv-00873** |
| | § | |
| **SAFECO INSURANCE COMPANY OF** | § | |
| **INDIANA,** | § | |
| **Defendant** | § | |

---

### SAFECO INSURANCE COMPANY OF INDIANA'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Safeco Insurance Company of Indiana (hereinafter referred to as "Safeco") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

#### *Procedural Background*

1.     On June 19, 2020, Plaintiff Nuala Sinisi filed her Original Petition ("Original Petition") styled Cause No. 2020CI11186; *Nuala J. Sinisi v. Safeco Insurance Company of Indiana, Tammy McKnight and Nicholas Lenoir;* In the 288th Judicial District, Bexar County, Texas.  Safeco was served with citation on June 29, 2020 and filed its Original Answer on July 17, 2020.

#### *Nature of the Suit*

2.     This lawsuit involves a dispute over Safeco's handling of Plaintiff's claim for policy benefits for hail damage to her residential property at 13 Kings Heath, San Antonio, Texas 78257.  Plaintiff asserts causes of action against Safeco for breach of contract, intentional violations of Chapters 541 and 542 of the Texas Insurance Code and Sections 17.46(b)(2), (5), (7), (9), (12), (20), and (24) of the Texas Deceptive Trade Practices-Consumer Protection Act

("DTPA"), breach of the duty of good faith and fair dealing, and fraud. Plaintiff also named two individual defendants in the suit, Tammy McKnight and Nicholas Lenoir, and asserted causes of action against them for violations of Chapters 541 and 542 of the Texas Insurance Code and the DTPA and for fraud. Defendant Tammy McKnight has answered the suit. Defendant Nicholas Lenoir has been served, but his answer is not yet due. On July 20, 2020, Defendant Safeco gave Plaintiff's counsel notice of its election of legal responsibility under Section 542A.006 of the Texas Insurance Code for the acts or omissions of McKnight and Lenoir. On the same date, Defendant Safeco filed its Unopposed Motion to Dismiss the Individual Defendants. On July 22, 2020, the Court signed the Order Dismissing the claims against Tammy McKnight and Nicholas Lenoir with prejudice.

### Basis for Removal

3.        Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  The Amount in Controversy Exceeds $75,000.

4.        In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1]   Plaintiff

---

[1]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiff's case against her insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against her insurance company for actual and punitive damages arising from a claim she made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.*, 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul*, 134 F.3d at 1253)).

claims that a hail storm on April 13, 2019 damaged her residence and that Safeco performed a substandard and outcome-oriented investigation of her claim under her homeowners' policy. She contends that Safeco's suggested repairs to her tile roof were improper, unreasonable, and inappropriate based on the damages and the coverages under the Policy. As a result, Safeco undervalued Plaintiff's claim and wrongfully denied her full claim for repairs of the property and replacement of her roof.[2] Plaintiff seeks actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, statutory interest penalties, and trebled damages for knowing violations of the Texas Insurance Code.[3] She also seeks to recover her attorney fees. In her demand, Plaintiff contends that the specific amount owed for damages is $183,439.44 for purposes of Section 542A; however, she claims $564,076.28 as the total amount due for trebled damages, statutory interest penalties, and prejudgment interest. Further, Plaintiff pleads in her Original Petition that she is seeking monetary relief of over "$200,000.00 but not more than $1,000,000.00."[4]

5.     Based upon the actual damages claimed, the consequential damages, statutory interest penalties, claim for trebled damages, mental anguish damages, together with the policy's dwelling limit of liability of $704,200, and claim for attorney fees, the amount in controversy in this dispute clearly exceeds the $75,000.00 required for diversity jurisdiction pursuant to 28 U.S.C. §1332. That is, given the nature of Plaintiff's claim, the types of damages sought, and its attorney fees, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

---

[2] *See* Plaintiff's Original Petition, pp. 2-10.
[3] *See* Plaintiff's Original Petition, pp. 17-18.
[4] *See* Plaintiff's Original Petition, p. 18.

### B. Complete Diversity Exists Among Parties

6.      Upon information and belief, Plaintiff was a citizen of Texas when her Petition was filed and continues to be a citizen of Texas.

7.      Safeco Insurance Company of Indiana is a company organized under the laws of the State of Indiana and for federal court jurisdiction/diversity of citizenship disclosure purposes, the principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiff and Safeco.

### *The Removal is Procedurally Correct*

8.      Safeco was first served with Plaintiff's Original Petition in District Court on June 29, 2020. At the time of service, diversity did not exist. On July 20, 2020, Safeco elected legal responsibility for the acts or omissions of the individual defendants, Tammy McKnight and Nicholas Lenoir. On July 22, 2020, the Court in the state court proceedings granted Safeco's Motion to Dismiss Plaintiff's claims against McKnight and Lenoir creating complete diversity of citizenship. Therefore, Safeco filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

13.      Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

14.      Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15.      Pursuant to 28 U.S.C. §1446(d), promptly after Safeco files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

16.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 288th Judicial District for Bexar County, Texas, promptly after Safeco files this Notice.

WHEREFORE, Safeco Insurance Company of Indiana requests that this action be removed from the 288th Judicial District for Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Attorney in Charge
Carol A. Jenson
State Bar No. 1648500
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
cjenson@lstlaw.com

*Counsel for Defendant Safeco Insurance Company of Indiana*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 27th day of July, 2020, addressed to those who do not receive notice from the Clerk of the Court.

> William Lee Calhoun
> CALHOUN LAW FIRM
> 1350 N. Loop 1604 E., Suite 105
> San Antonio, Texas 78232
> lee@calhounattorney.com

David R. Stephens/Carol A. Jenson